```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
              CHARLOTTE DIVISION
                3:08CV615-MU-02
```

| | | |
|---|---|---|
| **DENNIS DAVIS,** | ) | |
|     **Petitioner,** | ) | |
| | ) | |
|        **v.** | ) | <u>**ORDER**</u> |
| | ) | |
| **JOSEPH HALL, Supt. of the** | ) | |
|   Harnett Correctional Insti- | ) | |
|   tution, | ) | |
|     **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on Petitioner's "Petition Under 28 U.S.C. § 2254 For Writ Of <u>Habeas Corpus</u> . . . ," filed October 23, 2006 in the United States District Court for the Eastern District of North Carolina and transferred to this Court's docket on December 31, 2008. For the reasons stated herein, Petitioner's case will be <u>dismissed</u> as time-barred.

          **I.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>**

According to the Petition, on November 15, 1989, Petitioner pled guilty and was convicted of three counts of second degree murder, and one count of assault with a deadly weapon with intent to kill, inflicting serious injury. Accordingly, on that occasion, the Superior Court of Anson County sentenced Petitioner to three terms of life imprisonment plus 20 years imprisonment. Petitioner's Petition further reports that he did <u>not</u> seek any direct

appellate review of his convictions or sentences. Thus, Petitioner's convictions and sentences became final no later than November 29, 1989, that is, at the expiration of the 10-day appeal period (excluding weekends) which then was applicable to criminal appeals.

After a delay of more than seven years, on March 24, 1997, Petitioner commenced his pursuit of collateral review with the filing of his first Motion for Appropriate Relief in the Superior Court of Anson County. Both Petitioner's Motion and his <u>certiorari</u> petition were denied by the State Court of Appeals. Thereafter, Petitioner filed a second unsuccessful Motion for Appropriate Relief. Ultimately, on September 13, 2006, Petitioner's pursuit of collateral review was concluded with the denial of his second Petition for a Writ of <u>Certiorari</u>.

Approximately forty days later, on October 23, 2006, Petitioner filed the instant federal Motion, alleging that he was subjected to several instances of ineffective assistance of counsel; that his rights were violated when he did not timely receive a first appearance/probable cause hearing, did not have an attorney present during such proceeding, and was not allowed to have the counsel of his choice; and that his guilty plea was involuntarily entered due to counsel's failure at sentencing to dispute the two charges of which he now asserts he was not guilty. However, a careful review of this Petition reveals that the same

2

must be summarily dismissed as untimely filed.

## II. **ANALYSIS**

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA, hereafter), effectively amending 28 U.S.C. §2254 by adding the following language:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation

3

under this subsection.

As has been noted, Petitioner reports that he was convicted and sentenced on the underlying State charges on November 15, 1989 and that he did not seek any direct review of his cases. Thus, Petitioner's convictions and sentences became final no later than November 29, 1989 -- that is, at the expiration of the 90-day period during which he could have sought certiorari review. See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000) (identifying a 90-day grace period for cases in which no certiorari review was sought in the U.S. Supreme Court).

More critically, however, because Petitioner's convictions and sentences became final prior to the 1996 enactment of the AEDPA, in the absence of any intervening circumstances, Petitioner had up to and including April 24, 1997, in which to file the instant habeas Petition. Id. at 328 (noting that for pre-AEDPA convictions, 1-year limitations period runs from AEDPA's effective date); and Brown v. Angelone, 150 F.3 370, 375 (4th Cir. 1998) (same). Obviously, Petitioner did not file this Petition by such April 1997 date.

Rather, on March 24, 1997, a mere thirty (30) days before Petitioner's one-year limitations expired (but more than seven years after his convictions became final), he began his pursuit of collateral review in the State Superior Court. However, even assuming that Petitioner is entitled to have the remaining 30 days

4

of his one-year limitations period tolled for the nine years during which he pursued collateral review with his two Motions for Appropriate Relief and his two certiorari Petitions, that review was concluded on September 13, 2006, thereby giving Petitioner, at most, up to and including October 13, 2006 in which to file his Petition. Notably, Petitioner did not file the Petition until ten days later on October 23, 2006.

No doubt, having allowed approximately 17 years to elapse between the time that his convictions and sentences became final and his pursuit of federal relief, Petitioner was aware that this Petition likely would be construed as time-barred.[1] Indeed, question 18 on his form-Petition prompts petitioners whose judgments of conviction became final more than a year before the initiation of their habeas Petitions to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [their] Petition[s]." In response to that question, Petitioner

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas forms to comply with Hill. The new forms now include a section which directs the petitioner to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that Petitioner has addressed the timeliness of his Petition–-albeit unsuccessfully–-the Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him.

5

states:

> I contend that I should be excused from the one year limitation under U.S. Code 28/2254(B)(I) and (ii) where facts and evidence show that I did not have a state court process that was effective and said failed to protect my rights. Further, I contend that a U.S. 4th Cir. Ruling concerning time calculations of state [] conviction has changed and if the ruling had of been in place at my time to seek federal review my writ could have been timely filed. IE <u>Rouse v. Lee</u>, 399 F.2d 238 (4th Cir. en banc 2003).

[The following supports my grounds] 1. 28 U.S.C. 2254(B)(I) and (ii). Upon filing my (1997) MAR and as aforestated the State Court grossly defected the facts and grounds to the point it appeared someone else's MAR was ruled. I challenged right to counsel when before a judge the court ruled that a clerk was that I appeared before. I sought a certiorari but this was not appeal of right and no merits were addressed on <u>certiorari</u> review. Further the MAR is not reviewed beyond the N.C. Ct of Appeals and I had no higher review to correct the defects in the Supreme Court ruling. It is also that the Superior Court would not read the plea transcript to show my response in the plea and guilt to 2 charges! This is also a issue for 28 U.S.C. 2254(E)(2)(A)(B).

To assure I had allowed a full and complete State Court chance to correct my [M.A.R. Structure] I returned to State Court asking for relief from the 1997 errors and denied on (7-19-06) and also in the appellate courts. I truly have not had a lawful and factual ruling on my grounds 28 U.S.C. 2254 (B)(I) and (ii).

2. In (1997) the District Courts of N.C. used a start & stop method to decide the 1 year time clock, i.e. when a M.A.R. was filed the clock stopped until the Court ruled the clock started once a ruling was had and the clock ran until a writ of <u>certiorari</u> was filed. The

> clock started again when the cert was denied. The clock ran until the 2254 was filed. In (1997) I lost time between my M.A.R. a certiorari and did not have ample time to file my 2254 due lack of copies, preparation and research.
>
> The 4th Cir. in Rouse v. Lee 399 F.3d 238 2003 change the timing calculation to say once the M.A.R. is filed the clock stops period and no time is lost getting the certiorari filed. Had I been afforded this I could have easyly filed my 2254.
>
> I did not know of the 2003 ruling until I saw this in another inmates habeas in June of 2006 (emphasis omitted).

Notwithstanding Petitioner's strong beliefs to the contrary, however, his explanation falls far short of demonstrating a basis for construing his Petition as timely filed. Indeed, as already has been noted, even when the one year clock is stopped during his nine-year collateral review journey (from March 24, 1997 until September 13, 2006), Petitioner still failed to file his Petition within 30 days of the denial of such collateral review.

Finally, the Court is aware of the Fourth Circuit's recent decision in Bilal v. North Carolina, No. 06-6677 (4th Cir. July 18 2008), in which the Court specifically limited its holding to the facts of that case and concluded that the sua sponte dismissal of a § 2254 Petition was premature; however, this case is distinguishable from Bilal. That is, notwithstanding the period which can be tolled, there was nearly a 17 year delay between the time that Petitioner's case became final and the date on which he

filed his federal Petition.  Furthermore, Petitioner gave more than a two-page explanation of why he believes his Petition should be construed as timely filed, unlike the "ambiguous" response of "N/A" which was involved in Bilal.  Ultimately, therefore, the undersigned finds that Petitioner has been given an adequate opportunity to address the pertinent issue, but was unable to establish that his Petition was timely filed; and that Petitioner's untimeliness stands as an absolute bar to his entitlement to federal review.

### III.  CONCLUSION

The Court has determined that the instant Petition was untimely filed; therefore, such Petition must be dismissed.

### IV.  ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**.

**SO ORDERED.**

Signed: December 31, 2008

Graham C. Mullen
United States District Judge